IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| JOSEPH D. PRONETTE, JR. | § | |
| VS. | § | CIVIL ACTION NO. 1:21-CV-330 |
| WARDEN, USP BEAUMONT | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Petitioner, Joseph D. Pronette, Jr., an inmate currently confined at USP Beaumont, proceeding *pro se*, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

The above-styled action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendation for the disposition of the case.

Background

Petitioner filed the above-referenced petition for writ of habeas corpus on June 25, 2021 (doc. # 1). He is currently in federal custody serving a term of imprisonment imposed by the United States District Court for the Western District of Louisiana for being a felon in possession of a firearm. Petitioner seeks to utilize the savings clause of 28 U.S.C. § 2255(e) to challenge the legality of his felon-in-possession conviction pursuant to *Rehaif v. United States*, 139 S.Ct. 2191, 220, 204 L.Ed.2d 594 (2019), which requires the government to prove the defendant's knowledge of his felony status.

Discussion

Petitioner is not challenging the manner in which his sentence is being executed. Instead, petitioner is attacking the legality of his conviction. Section 2255 provides the primary means of collaterally attacking a federal conviction and sentence. While a petition for writ of habeas corpus filed under 28 U.S.C. § 2241 is the proper method for challenging the manner in which a sentence

is being executed, *United States v. Cleto*, 956 F.2d 83, 84 (5th Cir. 1992), a motion to vacate, set aside or correct sentence filed pursuant to 28 U.S.C. § 2255 is normally the proper method for challenging a conviction or sentence itself. *Cox v. Warden*, 911 F.2d 1111, 1113 (5th Cir. 1990).

As a petition filed pursuant to § 2241 may not be used merely as a substitute for a motion to vacate filed under § 2255, the burden is on the petitioner to come forward with evidence to show the inadequacy or ineffectiveness of a motion filed under § 2255. *McGee v. Hanberry*, 604 F.2d 9, 10 (5th Cir. 1979). A prisoner may utilize § 2241 as a vehicle for attacking a conviction or sentence if it appears the remedy afforded by § 2255 "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255.[1] A prior unsuccessful § 2255 motion, or the inability to meet AEDPA's "second or successive" requirement, does not make § 2255 inadequate or ineffective. *Tolliver v. Dobre*, 211 F.3d at 877.

The United States Court of Appeals for the Fifth Circuit has recognized one circumstance in which a motion to vacate filed under § 2255 is inadequate to test the legality of a prisoner's detention. In *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001), the Fifth Circuit held that a motion to vacate filed under § 2255 was inadequate or ineffective with respect to a claim which: (a) is based on a retroactively applicable decision of the United States Supreme Court which establishes that the petitioner may have been convicted of a nonexistent offense and (b) was foreclosed by established circuit law at the time when the claim should have been raised during petitioner's trial, direct appeal or initial motion to vacate filed under § 2255.

Relying on the United States Supreme Court's decision in *Rehaif*, 139 S. Ct. 2191, Petitioner asserts he was convicted of a nonexistent offense because his felon-in-possession conviction is no longer valid. In *Rehaif*, the Supreme Court held that, in prosecutions pursuant to 18 U.S.C. §§ 922(g) and 924(a)(2), the government must establish that the defendant knowingly violated each of

---

[1]The fifth paragraph of § 2255 provides as follows: (a) "An application for writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate to ineffective to test the legality of his detention."

the material elements of § 922(g), *i.e.*, that he knowingly possessed a firearm and that he knew he belonged to the relevant category of persons prohibited from doing so. *Id*. at 2200. In other words, Petitioner is guilty of § 18 U.S.C. § 922(g)(1) if he (1) knowingly possessed a gun, and (2) knew he was a felon when he possessed that gun.

The Fifth Circuit has rejected *Rehaif* claims under § 2255(e), however, where the petitioner neither argues nor comes forward with evidence that he was unaware of his felony status at the time of possession of the firearm. *Abram v. McConnell*, 3 F.4th 783 (5th Cir. 2021) ("Where a prisoner seeks relief under *Rehaif* but fails to 'argue that he was unaware of his [relevant] status, he has failed to demonstrate that he [is] entitled to proceed under § 2255's savings clause.") *Id*. (quoting *Palmer v. Johnson*, 844 F. App'x 768, 769 (5th Cir. 2021)). In fact, the court noted that a *Rehaif* petitioner will rarely be able to meet his burden of satisfying the third *Reyes-Requena* factor because "[c]onvicted felons typically know they're convicted felons." *Id*. at 786 (quoting *Greer v. United States*, 141 S. Ct. 2090, 2098, 210 L. Ed. 2d 121 (2021)).

In the present case, there can be no doubt Petitioner knew he was a felon. In entering a plea of guilty, Petitioner stipulated to being a felon. *United States v. Pronnette*, Plea Agreement, 5:15-CR-259 (doc. # 25). During his change of plea hearing when asked by the District Court to explain his understanding of what he had been charged with, Petitioner stated, "I got caught with a firearm and I'm a convicted felon". Change of Plea, Transcript , pg. 4 (doc. # 43). Defendant also had no objections to the testimony put forth that formed the factual basis necessary for the court to accept his guilty plea. *Id*., pg. 10. Because Petitioner pleaded guilty and acknowledged that the elements for a § 922(g) charge were met and that the facts necessary for conviction were present, he is unable to show that his guilty plea resulted in a conviction for conduct that is not criminal. *See, e.g.*, *United States v. Denson*, 774 F. App'x 184, 185 (5th Cir. 2019) (finding that a defendant who plead guilty to violating § 922(g) was not entitled to relief under *Rehaif* in a § 2255 because he stipulated to being a felon); *Alexander v. Entzel*, No. 1:19-CV-1301, 2020 WL 1068060, *2-3 (C.D. Ill. Mar. 5, 2020) (denying *Rehaif* claim raised in § 2241 petition because petitioner had stipulated at trial that he was

a felon and, therefore, the prosecution showed that petitioner had that knowledge); *Maxie v. Warden*, No. 6:19-CV-300-JMH, 2020 WL 86207, * 1-3 (E.D. Ky. Jan. 7, 2020) (same).

## Recommendation

The above-styled petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 should be denied.

## Objections

Within fourteen (14) days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(c).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen (14) days after service shall bar an aggrieved party from the entitlement of *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error. *Douglass v. United Servs. Auto. Assoc'n.*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

SIGNED this 29th day of September, 2022.

_____
Zack Hawthorn
United States Magistrate Judge